THE STATE EX REL. SOUFFRANCE, APPELLANT, *v.* DOE,

RECORDS CUSTODIAN, APPELLEE.

[Cite as *State ex rel. Souffrance v. Doe,* 132 Ohio St.3d 38, 2012-Ohio-1906.]

*Court of appeals' judgment dismissing petition for writ of mandamus affirmed.*

(No. 2011-0823—Submitted April 24, 2012—Decided May 3, 2012.)

APPEAL from the Court of Appeals for Hamilton County, No. C-110090.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, inmate Sidney Souffrance, for a writ of mandamus to compel appellee, the records custodian for the Life Skills Center of Cincinnati, Inc., a community school, to provide access to the attendance records, addresses, and telephone numbers of all the students who were in a certain classroom in the months of May and June 2002 and to records indicating which computer terminal a specific student had used from May 1, 2002, through May 30, 2002.

{¶ 2} Souffrance claims that because the records he is requesting relate only to persons who are no longer students, the court of appeals erred in holding that the disclosure of the requested records concerning the Life Skills Center students is barred by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. 1232g.[1] But this claim lacks merit because the persons were students when the records were created and originally maintained. *See* 20 U.S.C. 1232g(a)(6) ("For the purposes of this section, the term 'student' includes any

_____

1. Souffrance does not raise the contention that FERPA merely sets conditions on the receipt of federal funds and does not constitute a prohibition on the release of public records under R.C. 149.43(A)(1)(v), which exempts "[r]ecords the release of which is prohibited by state or federal law," so we need not address that issue in this appeal. *Compare State ex rel. ESPN v. Ohio State Univ.*, case No. 2011-1177, where that issue is raised.

person with respect to whom an educational agency or institution maintains education records or personally identifiable information, but does not include a person who has not been in attendance at such agency or institution"); *see also* 73 Fed.Reg. 74806, 74811 (2008) ("It has long been the Department [of Education]'s interpretation that records created or received by an educational agency or institution on a *former student* that are directly related to the individual's attendance as a student are not excluded from the definition of education records under FERPA," and so such records are subject to the nondisclosure provisions of the act [emphasis added]); *Unincorporated Operating Div. of Indiana Newspapers, Inc. v. Trustees of Indiana Univ.*, 787 N.E.2d 893, 909 (Ind.App.2003) (ordering trial court on remand—in public-records case brought by newspaper against university trustees—to redact any portion of records that might contain "information that could identify any present *or former students* in violation of the confidentiality mandated by FERPA" [emphasis added]); R.C. 3319.321(B).

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Sidney Lee Souffrance, pro se.

Janik, L.L.P., Steven G. Janik, Audrey K. Bentz, and Sean T. Needham, for appellee.

_____